UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES S. FELKNOR | CIVIL ACTION NO. 10-1259 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ROBERT HENRY FELKNOR, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court are a Motion to Proceed *In Forma Pauperis* on appeal ("Motion to Proceed IFP") [Doc. No. 4] and Motion to Appoint Counsel [Doc. No. 5] filed by Plaintiff James S. Felknor ("Felknor").

A.  Background

Felknor has filed eight civil rights complaints in the Western District of Louisiana in the last few months. *See Felknor v. USA*, Civil Action No. 10-1399 [Doc. No. 3]. The Court has determined that, in each of the cases, including this one, Felknor has failed to present legally viable claims.

On July 13, 2010, in another lawsuit filed by Felknor, Civil Action No. 10-1020, the Court issued a Judgment advising Felknor that "the Clerk of Court [will] decline to file any civil complaint submitted by [him] unless the complaint has first been presented to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed." *See* [Doc. No. 2].

On August 6, 2010, Felknor presented the Complaint in this matter to the Clerk of Court

without paying the filing fees of the Court or submitting a motion to proceed *in forma pauperis*. The Clerk of Court referred the Complaint to this Court for review. After review, the Court issued an order on October 4, 2010. The Court determined that Felknor has asserted claims under 42 U.S.C. § 1983, but he has failed to allege any facts to show that Defendants, all of whom are private citizens, acted under "color of state law." [Doc. No. 2]. Thus, Felknor's claim under § 1983 is not plausible. Because he provided no factual basis for the Court to exercise jurisdiction in this matter, the Court dismissed Felknor's Complaint.

In response to the Court's October 4, 2010 Order, Felknor filed his Motion to Proceed IFP and Motion to Appoint Counsel. The Court will consider each motion.

**B.      Law and Analysis**

    **1.      Motion to Proceed IFP**

Under Federal Rule of Appellate Procedure 24(a), a party "who desires to appeal *in forma pauperis* must file a motion in the district court" and "attach an affidavit that . . . shows in . . . detail . . . (A) the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." If the Court denies the motion, it must issue written reasons. FED. R. APP. P. 24(a)(2). Even if the party has previously been permitted to proceed *in forma pauperis* at the district court level, the district court can deny the party leave to appeal *in forma pauperis* if "the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding." FED. R. APP. P. 24(a)(3)(A). Likewise, under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken [by a prisoner or nonprisoner] *in forma*

*pauperis* if the trial court certifies in writing that it is not taken in good faith."

In this case, for the reasons stated in the Court's October 4, 2010 Order and in this Ruling, the Court finds that Felknor's Complaint does not raise an issue of even arguable merit. Therefore, the Court hereby certifies that his appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3).  *See Baugh v. Taylor*, 117 F.3d 197, 200, 202 (5th Cir. 1997); *see also Champluvier v. Couch*, 309 Fed. App'x 902, 2009 WL 320829, at *1-2 (5th Cir. Feb. 10, 2009); *In re Asheru*, No. 09-11058, 2010 WL 3680935, at *1 (5th Cir. Sept. 14, 2010). Felknor's Motion to Proceed IFP is DENIED, and he shall pay the filing fee of $455.00 if he wishes to proceed with his appeal. Felknor may challenge the Court's finding pursuant to *Baugh* by filing a separate motion to proceed IFP on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of service of this order. FED. R. APP. P. 24(a)(5).

    **2.    Motion to Appoint Counsel**

Felknor also moves the Court to appoint him counsel for appeal. As the Fifth Circuit explained in *Jackson v. Dallas Police Dep't*, 811 F.2d 260 (5th Cir.1986),

> [t]here is no automatic right to the appointment of counsel in a section 1983 case. *Wright v. Dallas County Sheriff Dept.*, 660 F.2d 623, 625-26 (5th Cir.1981). A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982). "The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individual bringing it." Id. at 266 (footnote omitted).
>
> . . . In *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir.1982), we laid out four factors that a district court should consider in ruling on requests for appointed counsel:
>
> (1)    the type and complexity of the case;
>
> (2)    whether the indigent is capable of adequately presenting his case;

> (3) whether the indigent is in a position to investigate adequately the case; and
>
> (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.
>
> *Id.* at 213 (citations omitted). The court should also consider whether appointed counsel **would aid in the efficient and equitable disposition of the case**. *Id.*

*Jackson*, 811 F.2d at 261-62 (emphasis added).

Felknor has been able to investigate and articulate his claims to the Court in this and his other cases. Further, the allegations and claims in this particular case are not complex; the Court has simply concluded that they fail to state a claim under § 1983. Most importantly, the appointment of counsel would not aid in efficient and equitable disposition of this case because the case has no merit under § 1983. Felknor has failed to present the exceptional circumstances necessary to support appointment of counsel. Therefore, his Motion to Appoint Counsel is also DENIED.

**C.     Conclusion**

For the reasons set forth above and those in the Court's October 4, 2010 Order, Felknor's Motion to Proceed IFP [Doc. No. 4] and Motion to Appoint Counsel [Doc. No. 5] are DENIED.

MONROE, LOUISIANA, this 22nd day of October, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE